**Melinda MUCKA, also Known as Melinda Bracellari, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–5400–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2009.

---

1. Lin has also abandoned his illegal departure claim. *See Gui Yin Liu,* 508 F.3d at 723 n. 6.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Glenn T. Terk, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Melinda Mucka, a native and citizen of Albania, seeks review of an October 7, 2008 order of the BIA affirming the August 14, 2007 decision of Immigration Judge ("IJ") Robert P. Owens, which denied Mucka's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Melinda Mucka,* No. A096 248 973 (B.I.A. Oct. 7, 2008), *aff'g* No. A096 248 973 (Immig. Ct. N.Y. City Aug. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

█ The agency did not err in finding that Mucka failed to show past persecution. Mucka argues that the cumulative effect of harassment and ridicule as a child, exclusion from community activities, and unwarranted advances and threats by a local police officer constitute past perse-

cution.[2] However, we find no error in the agency's conclusion that, viewed in the aggregate, those incidents did not amount to persecution. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (when determining whether an applicant has demonstrated past persecution, the agency must consider the alleged incidents cumulatively, rather than evaluating each event in isolation); *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs). Indeed, Mucka's own characterization of the harm she suffered indicates mistreatment amounting to harassment rather than persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that, to constitute persecution, the harm an applicant fears must be sufficiently severe, rising above "mere harassment"); *Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir. 2006).

■ We also find that substantial evidence supports the agency's determination that Mucka did not establish a well-founded fear of persecution. Contrary to Mucka's bare assertions, nothing in the record supports her fears that she will be forced into trafficking or possibly killed. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (stating that, to warrant relief, a fear of future persecution must be "objectively reasonable."). Accordingly, the agency did not err in finding that Mucka failed to establish a well-founded fear of persecution. *See Ramsameachire,* 357 F.3d at 178; *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 563, 568 (2d Cir.2006).

■ Because Mucka failed to meet her burden of proof with respect to her asylum claim, she necessarily failed to meet her burden with respect to her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, because the agency's past persecution and well-founded fear findings are supported by substantial evidence, we need not reach Mucka's arguments regarding nexus. *See* 8 U.S.C. § 1101(a)(42).

■ In addition, substantial evidence supports the agency's finding that Mucka failed to meet her burden of proof for CAT relief. Contrary to Mucka's argument, nothing in the record indicates that the agency ignored any of the evidence she presented. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006) (this Court presumes that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise). Indeed, as the agency properly noted, there is no evidence that Mucka would be tortured by or with the acquiescence of the government. *See* 8 C.F.R. § 1208.18(a)(1). Moreover, Mucka relies on generalized evidence concerning Albanian women who are trafficked into sex slavery and has submitted no particularized evidence indicating that she would more likely than not be abducted and sold into slavery. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005) (declining petitioner's CAT claim because she offered "no additional particularized evidence to support her claim"); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 n. 21 (2d Cir. 2003). Accordingly, the agency properly found that Mucka failed to establish that she would more likely than not be tortured upon return.

---

**2.** Mucka additionally asserts that the agency erred in failing to consider that she was placed in an internment camp as a child.

However, neither Mucka's asylum application nor her testimony before the IJ allege that she was placed in an internment camp.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).